

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL G. SAAVEDRA**
*Assistant Corporation Counsel*
Phone: (212) 356-0892
Fax: (212) 356-3509
Email: dsaavedr@law.nyc.gov

August 9, 2017

**BY E.C.F.**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　Re: Jeremias Julio v. Officer Theophile, et al.,
　　　　　　　　17 Civ. 4347 (DLI) (VMS)

Your Honor:

　　　　　　I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.  I write with the hope that the Court will, *sua sponte*, extend defendant Theophile's time to answer or otherwise respond to the complaint, from August 17, 2017 to October 16, 2017.  Plaintiff's counsel, Gabriel Harvis, Esq., takes no position on this matter. This is the first request for an enlargement of time.

　　　　　　By way of background, plaintiff Jeremias Julio alleges, *inter alia*, that he was unlawfully arrested by members of the New York City Police Department ("NYPD") on or about September 17, 2016.  Plaintiff further claims that he was pushed by the defendant Police Officers and subjected to tight handcuffing. As a result of this arrest, plaintiff alleges he was detained for approximately eighteen hours prior to his release.  Plaintiff purports to name Officer Steven Theophile, Sgt. Figliozzi, and Sgt. O'Hare as defendants to this action. A review of the Civil Docket indicates that Officer Theophile was served with process on or about July 27, 2017. Accordingly, Officer Theophile must answer, or otherwise respond, to the complaint by August 17, 2017.

Before this Office can adequately respond to the complaint, and in accordance with this Office's obligations under Rule 11 of the Federal Rule of Civil Procedure, we will need time to conduct an investigation into the allegations of the complaint.  As such, an enlargement of time will allow this Office time to procure adequate information to respond to the complaint, such as the underlying police, criminal court, and District Attorney's Office records.  It is our understanding that police and criminal prosecution records are sealed pursuant to New York Criminal Procedure Law § 160.50, and, as plaintiff's counsel has already provided the relevant §160.50 release to this Office, this Office is currently in the process of attempting to procure and thereafter review the relevant documents.

Furthermore, assuming that Officer Theophile was properly served[1], an extension should allow time for this Office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent Officer Theophile in this matter.  See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).  As this Office has not yet discussed representation with Officer Theophile, this request is not made on his behalf.  However, given the time involved in determining the representation of any employee of the NYPD, and in the interest of judicial economy, we would hope that the Court would, sua sponte, extend the time to answer on behalf of all defendants.[2]

Thank you for your consideration regarding the within request

.

Respectfully submitted,

/s/

Daniel G. Saavedra
*Assistant Corporation Counsel*
Special Federal Litigation Division


cc:     Gabriel P. Harvis, Esq. (by ECF)
        Attorney for Plaintiff

---

[1] This Office has not discussed service with Officer Theophile; accordingly, this Office makes no representation herein as to the adequacy of service upon him.

[2] Upon information and belief, and upon a review of the docket sheet in this matter, the additionally named individual defendants, Sgts. Figliozzi and O'Hare, have not yet been served with process in this case.  Nevertheless, for the same reasons as set forth above, this Office hopes that the Court will, *sua sponte*, extend Sgts. Figliozzi and O'Hare's time to answer the complaint until October 16, 2017, provided they are properly served during the relevant 60-day period.