UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JEREMIAS JULIO

                                    Plaintiff,

               -against-

POLICE OFFICER STEVEN THEOPHILE, SHIELD NO.
20214, SERGEANT JOSEPH FIGLIOZZI, SHIELD NO.
3204, SERGEANT O'HARE; AND JOHN AND JANE
DOE 1 THROUGH 10,

                              Defendants.

-------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS STEVEN
THEOPHILE AND JOSEPH
FIGLIOZZI**

17 Civ. 4347 (NGG) (VMS)

**JURY TRIAL DEMANDED**

      Defendants Police Officer Steven Theophile and Sergeant Joseph Figliozzi (hereinafter "defendants")[1], by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, ("complaint") respectfully:

      1.    Deny the allegations in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.    Deny the allegations in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3.    Deny the allegations in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      4.    Deny the allegations in paragraph "4" of the complaint, except admit that plaintiff purports to base venue in this judicial district as stated therein.

---

[1] Upon information and belief, and a review of the Civil Docket, "Sergeant O'Hare" has not been served with process and is, therefore, not a defendant to this action.

5.      Paragraph "5" of the complaint is demand for a trial by jury and does not contain any factual averments; accordingly, no response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the complaint.

7.      Deny the allegations in paragraph "7" of the complaint, except admit that Police Officer Theophile is and was on September 17, 2016 employed by the City as a New York City Police Officer and that plaintiff purports to proceed as stated therein.

8.      Deny the allegations in paragraph "8" of the complaint, except admit that Sgt. Joseph Figliozzi is and was on September 17, 2016 employed by the City as a New York City Police Sergeant and that plaintiff purports to proceed as stated therein.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein..

12.      Deny the allegations in paragraph "12" of the complaint except state that the allegation that "all individual defendants were acting under color of state law" is a legal conclusion that does not require a response.

13.      Deny the allegations in paragraph "13 of the complaint, except admit that plaintiff was a passenger on the New York City Subway.

14.     Deny the allegations in paragraph "14" of the complaint, except admit that Officers issued a lawful order for a passenger to exit the Subway car.

15.     Deny the allegations in paragraph "15" of the complaint, except admit that the passenger ordered to exit the Subway car did so at DeKalb Avenue/Flatbush Avenue along with other passengers.

16.     Deny the allegations in paragraph "16" of the complaint, except admit that the passenger ordered to exit the Subway was issued a summons and deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's brother is an NYPD officer.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the complaint.

18.     Deny the allegations in paragraph "18" of the complaint.

19.     Deny the allegations in paragraph "19" of the complaint.

20.     Deny the allegations in paragraph "20" of the complaint, except admit that plaintiff was arrested and placed in handcuffs.

21.     Deny the allegations in paragraph "21" of the complaint.

22.     Deny the allegations in paragraph "22" of the complaint.

23.     Deny the allegations in paragraph "23" of the complaint.

24.     Deny the allegations in paragraph "24" of the complaint, except admit that plaintiff claimed that his brother was an NYPD officer.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the complaint.

27.     Deny the allegations in paragraph "27" of the complaint.

28.     Deny the allegations in paragraph "28" of the complaint.

29.     Deny the allegations in paragraph "29" of the complaint.

30.     Deny the allegations in paragraph "30" of the complaint.

31.     Deny the allegations in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the complaint.

36.     Deny the allegations in paragraph "36" of the complaint.

37.     In response to the allegations in paragraph "37" of the complaint, defendants repeat the responses in the previous paragraphs.

38.     Deny the allegations in paragraph "38" of the complaint.

39.     Deny the allegations in paragraph "39" of the complaint.

40.     In response to the allegations in paragraph "40" of the complaint, defendants repeat the responses in the previous paragraphs.

41.     Deny the allegations in paragraph "41" of the complaint.

42.     Deny the allegations in paragraph "42" of the complaint.

43.     In response to the allegations in paragraph "43" of the complaint, defendants repeat the responses in the previous paragraphs.

44.     Deny the allegations in paragraph "44" of the complaint.

45.     Deny the allegations in paragraph "45" of the complaint.

46.     Deny the allegations in paragraph "46" of the complaint.

47.     Deny the allegations in paragraph "47" of the complaint.

48.     In response to the allegations in paragraph "48" of the complaint, defendants repeat the responses in the previous paragraphs.

49.     Deny the allegations in paragraph "49" of the complaint.

50.     Deny the allegations in paragraph "50" of the complaint.

51.     Deny the allegations in paragraph "51" of the complaint.

52.     Deny the allegations in paragraph "52" of the complaint.

53.     In response to the allegations in paragraph "53" of the complaint, defendants repeat the responses in the previous paragraphs.

54.     Deny the allegations in paragraph "54" of the complaint.

55.     Deny the allegations in paragraph "55" of the complaint.

56.     Deny the allegations in paragraph "56" of the complaint.

57.     Deny the allegations in paragraph "57" of the complaint.

58.     In response to the allegations in paragraph "58" of the complaint, defendants repeat the responses in the previous paragraphs.

59.     Deny the allegations in paragraph "59" of the complaint, except state that the allegations that officers "had a duty to intervene and prevent such conduct" are legal conclusions to which no response is required.

60.     Deny the allegations in paragraph "60" of the complaint.

61.     Deny the allegations in paragraph "61" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65.     Punitive damages cannot be assessed against the individual defendants in their official capacity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

66.     Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67.     There was probable cause for plaintiff's arrests, detentions, and prosecutions.

### AS AND FOR A SEVENNTH AFFIRMATIVE DEFENSE:

68.     Officer Theophile and Sgt. Figilozzi have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE:

69.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

70.     To the extent that one or more of the defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**WHEREFORE,** defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            September 25, 2017


                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                     City of New York
                                    *Attorney for Defendants Theophile and Figilozzi*
                                    (212) 356-0892
                                    dsaavedr@law.nyc.gov

                                    By:  _____/s/_____
                                         Daniel G. Saavedra


**BY ECF**
Gabe Harvis, Esq.
*Attorney for plaintiff*