UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEREMIAS JULIO,

                                                                Plaintiff,

                -against-

Police Officer STEVEN THEOPHILE, Shield No. 20214;
Sergeant JOSEPH FIGLIOZZI, Shield No. 3204; Sergeant
O'HARE; and JOHN and JANE DOE 1 through 10,

                                                         Defendants.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

17 Civ. 4347 (NGG) (VMS)

------------------------------------------------------------------------ x

         **WHEREAS**, pursuant to Rule 26, 33 and 34 of the Federal Rules of Civil Procedure, the parties wish to exchange certain documents;

         **WHEREAS** the parties deem and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

         **WHEREAS**, the parties object to the production of those documents unless appropriate protection for their confidentiality is assured;

         **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for Plaintiff and Defendants as follows:

         1. This Action shall mean <u>Jeremias Julio v. Police Officer Theophile, et al.</u>, 17 Civ. 4347 (NGG) (VMS).

         2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

(A) Employment/personnel related records for Defendants, including performance evaluations;

(B) Any other disciplinary histories or other records from Civilian Complaint Review Board, Internal Affairs Bureau, other New York City Police Department divisions or any other governmental agency;

(C) Plaintiff's Medical Records;

(D) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained from sources other than the opposing party, or (b) are otherwise publicly available.

4. The parties shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to opposing counsel. The producing party shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

- 3 -

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the producing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If the receiving party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within fifteen (15) days of receiving the producing party's response to receiving party's objections, the receiving party shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9. Counsel for the parties shall not use the Confidential Materials for any purpose other than for the preparation or presentation of such party's case in this Action.

10. The receiving party's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the receiving party's case in this action, to those individuals described in the subparagraphs below.

    b. Disclosure before trial may be made only to the parties, to an expert who has been retained or specially employed by the party's attorney in anticipation of

        litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case**.**

    11.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

    12.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

    13.    Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15. Within 30 days after the termination of this Action, including any appeals, upon request, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to the producing party's attorneys or, upon the producing party's consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the producing party's attorney, upon request. Notwithstanding this provision, receiving party's attorneys may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

16. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies

and non-conforming copies thereof, shall not be used by the receiving party, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

17. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

19.  Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner.

| | |
|---|---|
| GABRIEL HARVIS<br>*Attorney for Plaintiff*<br>Harvis & Fett LLP<br>305 Broadway, 14th Floor<br>New York, New York 10007 | ZACHARY W. CARTER<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007 |
| By: _____<br>Gabriel Harvis | By: _____<br>Daniel G. Saavedra |

SO ORDERED:

_____
HON. VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
Dated: _____, 2017

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2017, entered into the action entitled <u>Jeremias Julio v. Police Officer Theophile, et al.</u>, 17 Civ. 4347 (NGG) (VMS), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____   Signature: _____

Print Name: _____

Occupation: _____