UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEREMIAS JULIO,

                       Plaintiff,

           -against-

Police Officer STEVEN THEOPHILE, Shield No. 20214; Sergeant MICHAEL O'HARE, Shield No. 4125; Police Officer JOSEPH RYAN, Shield No. 28554; Police Officer CRYSTAL BECKFORD, Shield No. 19614, and JOHN and JANE DOE 1 through 10,

                       Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

17 CV 4347 (NGG) (VMS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jeremias Julio is a resident of Kings County in the City and State of New York.

7. Defendants Police Officer Steven Theophile, Shield No. 20214; Sergeant Michael O'Hare, Shield No. 4125; Police Officer Joseph Ryan, Shield No. 28554; and Police Officer Crystal Beckford, Shield No. 19614, at all times relevant herein, were officers, employees and agents of the NYPD. All individual defendants are sued in their individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 3:15 a.m. on September 17, 2016, Mr. Julio, who had never been arrested before and was sober, was lawfully riding on the Subway from Manhattan to Brooklyn with three female friends.

12. Police officers entered the Subway car and instructed one of Mr. Julio's friends to exit at the next stop.

13. At the next stop, DeKalb Avenue/Flatbush Avenue in Brooklyn, Mr. Julio and his friends exited the Subway car with the officers.

14. Mr. Julio, whose brother is an NYPD officer, stood quietly on the platform and watched as an officer issued a summons to Genesis, one of his friends.

15. Mr. Julio observed a number of additional officers arrive on the platform.

16. Officers became aggressive with Meredith, one of the other women with whom plaintiff was traveling.

17. While standing on the platform a reasonable distance from the officers

and in a peaceful, quiet, non-obstructive manner, Mr. Julio took out his iPhone and began videotaping the events with the phone sideways (in "landscape" mode), holding the phone with one hand on each side.

18. When the officers realized Mr. Julio was filming them, one of the defendants, believed to be defendant Theophile, approached and arrested him, applying excessively tight handcuffs to plaintiff's wrists.

19. Defendant O'Hare authorized plaintiff's arrest.

20. The defendants arrested Mr. Julio solely in retaliation for his filming of them, conduct that is protected under the First Amendment.

21. Mr. Julio had done nothing illegal and the defendants lacked even reasonable suspicion to detain him, let alone arguable probable cause to arrest.

22. In addition to applying tight handcuffs and refusing to loosen them, officers gratuitously pushed Mr. Julio as they took him into custody.

23. As Mr. Julio was taken to a police precinct, he informed the officers that his brother worked at NYPD and asked to call him.

24. Mr. Julio was given his phone to make the call he unlocked it.

25. Mr. Julio, unable to reach his brother, returned the phone unlocked.

26. Upon information and belief, one of the defendants accessed plaintiff's phone and erased the footage Mr. Julio had recorded back on the platform.

27. Defendants Beckford and Ryan, upon information and belief, were present for plaintiff's false arrest and in a position and obligated to intervene, but culpably failed to do so.

28. Defendant officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration.

29. In support of their false allegations the defendants prepared and forwarded a variety of false evidence to prosecutors, including arrest and complaint reports.

30. At no point did any officer observe plaintiff commit any obstructive act, nor did he violate the law in any way.

31. While inside a cell at the precinct, Mr. Julio was subjected to toxic fumes from bleach.

32. That evening, Mr. Julio was arraigned at Brooklyn Central Booking and released. Mr. Julio was detained for approximately eighteen hours prior to his release.

33. The arrest was reported to Mr. Julio's employer, the New York City Department of Education.

34. As a result of the arrest Mr. Julio was suspended without pay for a period of approximately five months.

35. After appearing repeatedly in Court to defend the charges, they were adjourned in contemplation of dismissal on February 1, 2017 and dismissed on February 10, 2017.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, lost wages, delay of professional advancement opportunities, and damage to his reputation.

### FIRST CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
### Unreasonable Force

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Denial of Constitutional Right to Fair Trial

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual defendants created false evidence against plaintiff.

45. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

46. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse of Process

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants issued legal process to place plaintiff under arrest.

50. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to stop him from recording them and punish him for doing so.

51. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Plaintiff had an interest protected by the First Amendment in filming the interaction between his friend and the police.

55. The defendants' actions were motivated or substantially caused by plaintiff's exercise of that right.

56. The defendants' actions effectively chilled the exercise of plaintiff's First Amendment right.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure to Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 27, 2017
New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*