UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JEREMIAS JULIO,

                                   Plaintiffs,

                    -against-

Police Officer STEVEN THEOPHILE, Shield No. 20214;
Sergeant JOSEPH FIGLIOZZI, Shield No. 3204; Sergeant
O'HARE; and JOHN and JANE DOE 1 through 10.,
                                   Defendants.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER FOR PRODUCTION OF POLICE OFFICER PHOTOGRAPGHS**

17 Civ. 4347 (NGG) (VMS)

------------------------------------------------------------------------X

        **WHEREAS,** plaintiff has sought photographs of certain members of the New York City Police Department; and

        **WHEREAS,** defendants deem these photographs to be confidential, and/or subject to certain privileges, including, without limitation, the law enforcement privilege, or otherwise inappropriate for public disclosure, and will only produce these photographs if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause therefore exists for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the attorney for plaintiff and the attorneys for defendants, as follows:

        1.    As used herein, "Action" shall mean <u>Jeremias Julio v Police Officer Theophile, et. al</u>., 17 Civ. 4347 (NGG) (VMS).

        2.    "Confidential Photographs" shall mean any and all photographs of any police officer of the New York City Police Department ("NYPD") produced by defendants in this Action.

3. Except as otherwise provided below in paragraph 5, Plaintiff's attorney (or any member of the staff of their law firm) shall not disclose or disseminate the Confidential Photographs to any person other than plaintiff and plaintiff shall not disclose or disseminate the Confidential Photographs to any other persons.

4. Neither plaintiff nor plaintiff's attorney may use the Confidential Photographs for any purpose other than to assist with identification of officers present during the incident in this Action and determining the role of each officer.

5. Plaintiff's attorney may show the Confidential Photographs to a witness appearing at a deposition in this matter for the purpose of identifying the officers who were present during the incident in this Action and determining the role of each officer.

6. Neither plaintiff nor plaintiff's attorney (or any member of the staff of their law firm) shall make any copies, electronic or otherwise, of, or upload, digitalize, scan or computerize in any fashion, the Confidential Photographs.

7. The Confidential Photographs shall be returned to defendants' counsel in their original form within fourteen (14) days following the completion of depositions in this Action.

8. Neither plaintiff nor plaintiff's attorney (nor any member of the staff of their law firm) shall retain any copy, electronic or otherwise, of the Confidential Photographs.

9. Plaintiff's counsel (or any member of the staff of their law firm) shall not permit any person to whom plaintiff's counsel may have disclosed or disseminated a copy of the Confidential Photographs to retain any copies of such photographs.

- 3 -

10. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit the defendants' use of the Confidential Photographs in any manner.

Dated: New York, New York
        November  29 , 2017

| | |
|---|---|
| Gabriel Harvis, Esq.<br>Harvis & Fett, LLP<br>*Attorneys for Plaintiffs*<br>305 Broadway, 14th Floor<br>New York, New York 10007 | ZACHARY W. CARTER<br>Corporation Counsel of the<br>City of New York<br>*Attorneys for Defendants*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-0892 |
| By: _____<br>Gabriel Harvis, Esq. | By: _____<br>Daniel G. Saavedra<br>*Assistant Corporation Counsel* |

SO ORDERED:

_____
HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
Dated:_____