UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEREMIAS JULIO

                                                 Plaintiff,

-against-

POLICE OFFICER STEVEN THEOPHILE, SHIELD NO. 20214; SERGEANT MICHAEL O'HARE, Shield No. 4125; Police Officer JOSEPH RYAN, Shield No. 28554; Police Officer CRYSTAL BECKFORD, Shield No. 19614, and JOHN and JANE DOE 1 through 10,

                                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS STEVEN THEOPHILE, O'HARE, RYAN, AND BECKFORD**

17 Civ. 4347 (NGG) (VMS)

**JURY TRIAL DEMANDED**

Defendants Police Officer Theophile, Sergeant O'Hare, Police Officer Ryan, and Police Officer Beckford(hereinafter "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, ("complaint") respectfully:

       1.     Deny the allegations in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.     Deny the allegations in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Deny the allegations in paragraph "4" of the complaint, except admit that plaintiff purports to base venue in this judicial district as stated therein.

       5.     Paragraph "5" of the complaint is demand for a trial by jury and does not contain any factual averments; accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the complaint.

7. Deny the allegations in paragraph "7" of the complaint, except admit that Police Officer Theophile, Sgt. O'Hare, Police Officer Ryan, and Police Officer Beckford are and were on September 17, 2016 employed by the City as New York City Police Officers and that plaintiff purports to proceed as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the complaint, except admit that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10. Deny the allegations in paragraph "10" of the complaint except state that the allegation that "all individual defendants were acting under color of state law" is a legal conclusion that does not require a response.

11. Deny the allegations in paragraph "11 of the complaint, except admit that plaintiff was a passenger on the New York City Subway.

12. Deny the allegations in paragraph "12" of the complaint, except admit that Officers issued a lawful order for a passenger to exit the Subway car.

13. Deny the allegations in paragraph "13" of the complaint, except admit that the passenger ordered to exit the Subway car did so at DeKalb Avenue/Flatbush Avenue along with other passengers.

14. Deny the allegations in paragraph "14" of the complaint, except admit that the passenger ordered to exit the Subway was issued a summons and deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's brother is an NYPD officer.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the complaint.

16. Deny the allegations in paragraph "16" of the complaint.

17. Deny the allegations in paragraph "17" of the complaint.

18. Deny the allegations in paragraph "18" of the complaint, except admit that plaintiff was arrested and placed in handcuffs.

19. Deny the allegations in paragraph "19" of the complaint, except admit that Sgt. O'Hare was the supervisor on the scene of plaintiff's arrest.

20. Deny the allegations in paragraph "20" of the complaint.

21. Deny the allegations in paragraph "21" of the complaint.

22. Deny the allegations in paragraph "22" of the complaint.

23. Deny the allegations in paragraph "23" of the complaint, except admit that plaintiff claimed that his brother was an NYPD officer.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the complaint.

26. Deny the allegations in paragraph "26" of the complaint.

27. Deny the allegations in paragraph "27" of the complaint.

28. Deny the allegations in paragraph "28" of the complaint.

29. Deny the allegations in paragraph "29" of the complaint.

30. Deny the allegations in paragraph "30" of the complaint.

31. Deny the allegations in paragraph "31" of the complaint.

32. Deny the allegations in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the complaint.

35. Deny the allegations in paragraph "35" of the complaint, except admit that the criminal charges resulting from plaintiff's arrest were adjourned in contemplation of dismissal on February 1, 2017 and dismissed on February 10, 2017.

36. Deny the allegations in paragraph "36" of the complaint.

37. In response to the allegations in paragraph "37" of the complaint, defendants repeat the responses in the previous paragraphs.

38. Deny the allegations in paragraph "38" of the complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. In response to the allegations in paragraph "40" of the complaint, defendants repeat the responses in the previous paragraphs.

41. Deny the allegations in paragraph "41" of the complaint.

42. Deny the allegations in paragraph "42" of the complaint.

43. In response to the allegations in paragraph "43" of the complaint, defendants repeat the responses in the previous paragraphs.

44. Deny the allegations in paragraph "44" of the complaint.

45. Deny the allegations in paragraph "45" of the complaint.

46. Deny the allegations in paragraph "46" of the complaint.

47. Deny the allegations in paragraph "47" of the complaint.

48. In response to the allegations in paragraph "48" of the complaint, defendants repeat the responses in the previous paragraphs.

49. Deny the allegations in paragraph "49" of the complaint.

50. Deny the allegations in paragraph "50" of the complaint.

51. Deny the allegations in paragraph "51" of the complaint.

52. Deny the allegations in paragraph "52" of the complaint.

53. In response to the allegations in paragraph "53" of the complaint, defendants repeat the responses in the previous paragraphs.

54. Deny the allegations in paragraph "54" of the complaint.

55. Deny the allegations in paragraph "55" of the complaint.

56. Deny the allegations in paragraph "56" of the complaint.

57. Deny the allegations in paragraph "57" of the complaint.

58. In response to the allegations in paragraph "58" of the complaint, defendants repeat the responses in the previous paragraphs.

59. Deny the allegations in paragraph "59" of the complaint, except state that the allegations that officers "had a duty to intervene and prevent such conduct" are legal conclusions to which no response is required.

60. Deny the allegations in paragraph "60" of the complaint.

61. Deny the allegations in paragraph "61" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

62.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

63.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

64.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

65.     Punitive damages cannot be assessed against the individual defendants in their official capacity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

66.      Plaintiff has failed to mitigate his alleged damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

67. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A SEVENNTH AFFIRMATIVE DEFENSE:**

68. Officers Theophile, Ryan, and Beckford and Sgt. O'Hare have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE:

69. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

70. To the extent that one or more of the defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**WHEREFORE,** defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 17, 2018

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
(212) 356-0892
dsaavedr@law.nyc.gov

By:    /s/
       Daniel G. Saavedra

**BY ECF**
Gabe Harvis, Esq.
*Attorney for plaintiff*